UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C/A No.: 7:02-cr-00248-GRA-13 |
| | ) | |
| v. | ) | |
| | ) | |
| James Sims, | ) | ORDER |
| | ) | (Written Opinion) |
| Petitioner. | ) | |

This matter comes before the Court on the defendant's *pro se* motion to modify his sentence, pursuant to 18 U.S.C. § 3582(c)(2) filed on or about October 10, 2008. The petitioner seeks a reduction pursuant to a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission (the Commission) pursuant to 28 U.S.C. § 994(u). Specifically, he argues that career offenders are now eligible for the reduction.

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

### Background

The defendant's motion is based on Amendment 706 to the United States Sentencing Guideline (U.S.S.G.) § 2D1.1(c). This amendment adjusts the base offense

level assigned to each threshold quantity of cocaine base, or "crack cocaine," downward by two levels. U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007). On December 11, 2007, the Commission voted to add this amendment to the list of amendments in U.S.S.G. § 1B1.10(c) that may be applied retroactively. As this amendment became effective on March 3, 2008, this matter is now ready for disposition.

### Guideline Applications

The defendant was sentenced on December 12, 2002. Defendant's base offense level, pursuant to U.S.S.G. § 2D1.1(c)(3), was 24. However, pursuant to U.S.S.G. § 4B1.1(b)(A) (1995), the defendant's offense level was adjusted to a 32 because the defendant is a career criminal. As a career criminal, the defendant's guideline range was "not based on the quantity of drugs attributable to him, but rather on the maximum sentence for the offense of conviction." *United States v. Smith*, 441 F.3d 254, 273 (4th Cir. 2006). Therefore, the Court found that the defendant's total offense level (30) and criminal history category (VI) called for a sentencing range of 168 to 219 months. Under these guidelines, the Court sentenced the defendant to 210 months. The defendant subsequently motioned this court to reconsider, which this Court granted, and the defendant's sentence was reduced to 108 months.

Under 18 U.S.C. § 3582(c)(2), this Court may reduce a previously imposed sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . *if such a reduction is consistent with applicable policy statements* issued by the Sentencing Commission." (emphasis added) Here, a

reduction in the defendant's sentence is not consistent with the applicable policy statements.

> U.S.S.G. § 1B1.10(b)(1), the applicable policy statement, states that:
>
>> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (C) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

Supplement to 2007 Guidelines Manual (May 1, 2008). The application note to this section further explains which cases qualify for a reduction under § 3582(c).

> It states:
>
>> Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . (ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment).

Application Note 1(A), U.S.S.G. § 1B1.10.

This application note makes it clear that a reduction in the defendant's sentence is not consistent with U.S.S.G. § 1B1.10(b)(1) and is not authorized by 28 U.S.C. §

3582(c).  Though Amendment 706 is applicable to the defendant, it does not have the effect of lowering the defendant's applicable guideline range because of the operation of the career criminal guideline in § 4B1.1(b).   Because a reduction in the defendant's sentence is not consistent with the applicable policy statement, this Court is not authorized to reduce the defendant's sentence pursuant to § 3582(c)(2).  Moreover, the case cited by the defendant, *United States v. Boardman*, 528 F.3d 86 (1st Cir), explains the advisory nature of the guidelines, not the proper calculation of them.

After considering the advisory nature of the guidelines and a thorough review of the sentence reduction report, 18 U.S.C. § 3582, the defendant's objections, and the relevant case law, this Court finds that the defendant is not eligible for a reduction in his sentence.

IT IS THEREFORE SO ORDERED the defendant's motion be DENIED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
December  31 , 2008

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, the defendant has the right to appeal this Order within ten (10) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**